UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VINCENT SONNICK,

                     Plaintiff,

v.                                                  5:20-CV-0412
                                                    (TJM/ML)
TROOPER CHRISTOPHER BUDLONG;
TROOPER HORTON; NELSON DODGE,
Town Judge; OFFICER MCORMICK; and
ONONDAGA COUNTY SHERIFF DEPT.,

                     Defendants.
_____

APPEARANCES:                                OF COUNSEL:

VINCENT SONNICK
  Plaintiff, *Pro Se*
205 North Street, #B
Oneida, New York 13421

MIROSLAV LOVRIC, United States Magistrate Judge

### <u>**ORDER and REPORT-RECOMMENDATION**</u>

       The Clerk has sent this *pro se* complaint together with an application to proceed *in forma pauperis* filed by Vincent Sonnick ("Plaintiff") to the Court for review.  (Dkt. Nos. 1 and 2.)  For the reasons discussed below, I grant Plaintiff's *in forma pauperis* application (Dkt. No. 2) and recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety, with leave to amend.

## I.    BACKGROUND

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that for over the last "decade," Defendants Trooper Christopher Budlong, Trooper Horton, Nelson Dodge, Officer Mcormick, and Onondaga County Sheriff (collectively "Defendants"), have harassed and stalked him.  (*See generally* Dkt. No. 1.).

Plaintiff appears to assert the following three causes of action: (1) gang stalking; (2) toxic trespass "via sting ray" and smart meter technology; and (3) harassment.  (*Id*. at 4.)

For a more complete statement of Plaintiff's claims, refer to the Complaint.  (Dkt. No. 1.)

Plaintiff also filed an application for leave to proceed *in forma pauperis*.  (Dkt. No. 2.)

## II.    PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action.  28 U.S.C. § 1915(a)(1).[2]  After reviewing Plaintiff's *in*

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[2]    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates.  *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses").  The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria.  *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

*forma pauperis* application (Dkt. No. 2), the Court finds that Plaintiff meets this standard.

Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[3]

## III.    LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the

court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts

plausibly suggesting subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *see Steel Co. v.*

*Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is

a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v.*

*Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*,

762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court

must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of*

*Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal

of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*,

15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review,

action challenging state court mortgage foreclosure judgment because the court lacked

jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005)

(citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d

Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint

---

[3]    Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally."  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim).  "[E]xtreme caution should be exercised in ordering sua

sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond."  *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed.  *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee).  "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint."  *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## IV.    ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).  Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Subject matter jurisdiction can never be waived or forfeited.  *ACCD Global Agric., Inc. v. Perry*, 12-CV-6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty,*

*LLC v. Faust,* 09-CV-7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013)).  Federal courts are

mandated to examine their own jurisdiction *sua sponte* at every stage of the litigation.  *ACCD*

*Global Agric., Inc.*, 2013 WL 840706, at *1; *see In re Tronox, Inc.*, 855 F.3d 84, 85 (2d Cir.

2017) (federal courts have an independent obligation to consider the presence or absence of

subject matter jurisdiction *sua sponte*).

> A federal court exercises limited jurisdiction pursuant to Article III of the
> Constitution.  It has subject matter jurisdiction over claims in which: (1)
> there is a 'federal question' in that a colorable claim arises under the
> 'Constitution, laws or treaties of the United States,' 28 U.S.C. § 1331;
> and/or if (2) there is complete "diversity of citizenship" between each
> plaintiff and all defendants and a minimum of $75,000 in controversy, 28
> U.S.C. § 1332.

*Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 511-12 (D. Conn. 2015) (quoting

*Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of

subject matter jurisdiction) (footnote omitted)), *reconsideration denied*, 14-CV-0053, 2015 WL

2124365 (D. Conn. May 6, 2015).

Here, the Complaint asserts that the Court has jurisdiction because there exists diversity

of citizenship.  (Dkt. No. 1 at 1-2.)  However, the Complaint alleges that Plaintiff is a citizen of

New York State (*id*. at 2) and that Defendants are citizens of New York State (*id*. at 2-3).  As a

result, there is no diversity of citizenship sufficient to assert jurisdiction in this case pursuant to

28 U.S.C. § 1332.

The Court notes that Plaintiff only raises 28 U.S.C. § 1332 as the basis for jurisdiction,

and the case could be dismissed for that reason alone.  The Court must keep in mind, however,

that when a plaintiff proceeds *pro se*, the pleadings must be construed with liberality.

*McDermott*, 2011 WL 4834257, at *3 (citing *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d

185, 191 (2d Cir. 2008)).  The Court must interpret the pleadings to raise the strongest arguments

they suggest.  *Id*. (citing *McPherson v. Coombe*, 174 F.3d 276, 279 (2d Cir. 1999)).

As set forth below, after carefully considering the matter and considering other possible

bases for jurisdiction over Plaintiff's Complaint, I find that there is no basis for jurisdiction.

The existence of a federal question is governed by the "well-pleaded complaint" rule,

which provides that federal jurisdiction exists only when a federal question is presented on the

face of the plaintiff's properly pleaded complaint.  28 U.S.C. § 1331.  A well-pleaded complaint

presents a federal question where it "establishes either that federal law creates the cause of action

or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question

of federal law."  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S.

1, 9 (1983).

Here, Plaintiff fails to allege facts plausibly suggesting a claim pursuant to the federal

constitution, law, or treaty.  In addition to being entirely devoid of facts plausibly alleging

conduct by any of Defendants, the claims that the Complaint attempts to assert do not appear to

be actionable at all.  *See Williams v. Norris*, 18-CV-0349, 2018 WL 5848851, at *5 (N.D.N.Y.

Oct. 1, 2018) (Hummel, M.J.) (holding that a plaintiff cannot attempt to bring criminal trespass

charges against a defendant through means of a civil action); *Toro v. City of New York*, 12-CV-

4093, 2015 WL 1014044, at *4 (E.D.N.Y. Mar. 6, 2015) ("Gang stalking, . . . is not a recognized

cause of action, and thus [Plaintiff's] claim to that effect [should be] dismissed."); *Pollack*, 109

A.D.3d at 975 (citing *Mago, LLC v. Singh*, 47 A.D.3d 772, 773 (N.Y. App. Div. 2d Dep't 2008);

*Hartman v. 536/540 E. 5th St. Equities, Inc.*, 19 A.D.3d 240, 240 (N.Y. App. Div. 1st Dep't

2005)) ("New York does not recognize a civil cause of action to recover damages for

harassment.").

After carefully reviewing Plaintiff's Complaint and considering other possible bases for jurisdiction, I find that there is no basis for jurisdiction over Plaintiff's Complaint. As a result, I recommend that it be dismissed in its entirety.

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[4]

In this case, because the Court lacks subject matter jurisdiction, the Court must recommend dismissing the action without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36

---

[4]    *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

(2d Cir. 2018); *see also Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 206-07 (2d Cir. 2019) (holding that where a court dismisses a complaint for lack of subject matter jurisdiction, the court does "not have the power to reach the merits and dismiss the claims against the defendants for failure to state a claim, or to eventually dismiss the complaint with prejudice for failure to file a proposed amended complaint."). This Court has serious doubts about whether Plaintiff can amend to assert any form of federal jurisdiction over the situation that Plaintiff described in his Complaint. However, because the Court must recommend dismissal without prejudice, Plaintiff may be given an opportunity to amend his Complaint. Any amended complaint should be a complete pleading, must supersede the original, and must not incorporate any facts from the original complaint. In addition, any amended complaint must assert a proper basis for jurisdiction in federal court.

**ACCORDINGLY**, it is

**ORDERED** that the application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) because the Court lacks subject matter jurisdiction.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN**

---

[5]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013);

Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v.*

*Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this

order, report, and recommendation on the docket of this case and serve a copy upon the parties in

accordance with the local rules.[6]

Dated: June  4 , 2020
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[6]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein
in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).